IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC., ) <br> ) <br>     *Plaintiff,*     ) <br> ) <br> v.     ) <br> ) <br> PORCELEN, LIMITED, CONNECTICUT, ) <br> LLC,     ) <br> ) <br>     *Defendant.*     ) <br> _____) | Civil Action No. 2:14-CV-00045 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

NOW COMES the Plaintiff, Barrette Outdoor Living, Inc., and for its Complaint against the Defendant states as follows:

THE NATURE OF THE COMPLAINT

1. This is an action at law and in equity for patent infringement. In particular, the Defendant has infringed one or more duly issued patents of the Plaintiff.

THE PARTIES

2. Plaintiff Barrette Outdoor Living, Inc. ("Plaintiff") is a corporation organized under the laws of Ohio, has a principal place of business in Middleburg Heights, Ohio, and has a place of business in Jefferson, Georgia.

3. Upon information and belief, Defendant Porcelen, Limited, Connecticut, LLC (and/or Porcelen Ltd. CT. LLC), doing business as SPECRAIL, ("Defendant"), is a limited liability company organized under the laws of Connecticut and has its principal place of business at 3333 Welton Street, Hamden, Connecticut 06517.

## JURISDICTION AND VENUE

4. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, including specifically 35 U.S.C. §281. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§1331, 1338, and 35 U.S.C. §281 because this action arises under the patent laws of the United States, 35 U.S.C. §1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of Defendant's transaction of business and solicitation of business within the State of Georgia, within this judicial district and elsewhere, and because Defendant is selling infringing products within this state.

6. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, Defendant is

subject to personal jurisdiction in this district, and infringement has occurred within this judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff is in the business of providing high quality fencing and railing products, including extruded metal fencing and railings, for both residential and commercial applications.

8. Plaintiff is the owner by assignment of duly issued United States Patent No. 8,413,965 and United States Patent No. 8,413,332, directed to a fencing apparatus and a method of manufacturing the same, respectively (together the "Patents").

9. The named inventor of these Patents has assigned the Patents to Plaintiff corporation and the assignment has been duly recorded in the United States Patent and Trademark Office.  Thus, Plaintiff is the owner of record of the Patents.

10. Plaintiff's U.S. Patent No. 8,413,965 (the '965 Patent) is an apparatus patent that discloses and claims a fencing/railing apparatus with a sliding pivotal connection between the pickets and the rails.  (See **Exhibit 1**).

11. Plaintiff's U.S. Patent No. 8,413,332 (the '332 Patent) is a method patent that teaches and claims a method for manufacturing a fencing/railing assembly.  (See **Exhibit 2**).

12. The '965 Patent and the '332 Patent both issued on April 9, 2013, and Defendant has had actual and/or constructive knowledge of the Patents since that date.

13. Plaintiff and Defendant are business competitors.

14. Upon information and belief, Defendant sells an infringing copy of the patented fencing/railing and manufactures the same using an infringing manufacturing method. Such fencing includes at least Defendant's "**SPECRAIL**" brand of fencing, including that certain version of "**SPECRAIL**" fencing depicted in the pictures attached hereto as **Exhibit 3** (hereinafter referred to as "SpecRail Version 1").  (See label and pictures of Defendant's allegedly infringing SpecRail Version 1 fencing section attached as **Exhibit 3**).

15. Defendant has been and is currently making, using, offering for sale, selling, and/or importing a fencing/railing that infringes the '965 Patent.

16. Upon information and belief, Defendant has practiced, continues to practice, and intends to continue to practice a method for manufacturing a fencing/railing that infringes the '332 Patent.

17. Upon information and belief, Defendant's manufacturing method and fencing/railing apparatus infringes one or more of the independent and dependent claims of the '965 and/or '332 Patents.

18. On or about August 7, 2013, Plaintiff sent written notice to Defendant regarding Defendant's infringement of the '965 and '332 Patents.  Upon receiving said notice, Defendant apparently changed the design of its fencing/railing apparatus somewhat.

19. The new design of Defendant's fencing/railing apparatus (hereinafter referred to as "SpecRail Version 2") incorporates small rubber bands engaging the connector bars of the fencing.  <u>(See label and pictures of Defendant's allegedly infringing SpecRail Version 2 fencing section attached as **Exhibit 4**</u>).

20. However, Defendant's newly designed fencing/railing apparatus (SpecRail Version 2), much like its original design (SpecRail Version 1), directly infringes both the '965 and '332 Patents.  Accordingly, Defendant's acts in

making, using, offering for sale, selling, and/or importing both SpecRail Version 1 and SpecRail Version 2 infringe the '965 and '332 Patents.

21. Defendant is not authorized in any way to use the Patents owned by Plaintiff. Defendant is without a license, express or implied, to practice the '965 and '332 Patents.

22. The aforementioned activities of Defendant have injured and threaten future injury to Plaintiff. More specifically, Defendant's activities have caused Plaintiff to lose sales that it otherwise would have made but for the sales of Defendant.

COUNT NO. 1
(Patent Infringement under 35 U.S.C. §271)
(Infringement of the '965 Patent)

23. Plaintiff hereby incorporates by reference each above statement, as if each is fully re-written herein.

24. Defendant has been and is currently making, using, offering for sale, selling, and/or importing an apparatus, in particular a fencing/railing, that infringes one or more claims of the '965 Patent.

25. Defendant's conduct is an infringement of the '965 Patent, and is in violation of 35 U.S.C. §271 within this judicial district and elsewhere.

26. Defendant will continue to make, use, offer for sale, sell, and/or import their infringing fencing/railing unless enjoined by this Court.

27. Upon information and belief, Defendant has been, and is, infringing, actively inducing infringement of, and/or contributorily infringing the '965 Patent.

28. Plaintiff is entitled to an injunction, pursuant to 35 U.S.C. §283, restraining Defendant and its officers, agents, employees, and all persons acting in concert with them from engaging in further patent infringement of Plaintiff's '965 Patent.

29. Upon information and belief, Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of Plaintiff's patent rights, and as a result, Plaintiff is entitled to treble damages pursuant to 35 U.S.C. §284.

30. This is an exceptional case within the meaning of 35 U.S.C. §285, and the award of appropriate attorneys' fees to Plaintiff is justified.

COUNT NO. 2
(Patent Infringement under 35 U.S.C. §271)
(Infringement of '332 Patent)

31. Plaintiff hereby incorporates by reference paragraphs 1-21 written above, as if each is fully re-written herein.

32. Defendant has been and is currently making fencing/railing products using a method that infringes one or more claims of the '332 Patent.

33. Defendant's conduct is an infringement of the '332 Patent, and is in violation of 35 U.S.C. §271.

34. Plaintiff is entitled to an injunction, pursuant to 35 U.S.C. §283, restraining Defendant and its officers, agents, employees, and all persons acting in concert with them from engaging in further patent infringement of Plaintiff's '332 Patent.

35. Defendant will continue to make products using the infringing method unless enjoined by this Court.

36. Upon information and belief, Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of Plaintiff's patent rights, and as a result, Plaintiff is entitled to treble damages pursuant to 35 U.S.C. §284.

37. This is an exceptional case within the meaning of 35 U.S.C. §285, and the award of appropriate attorneys' fees to Plaintiff is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, Plaintiff prays that this Court enter an Order in favor of Plaintiff and against Defendant as follows:

That judgment be entered in favor of Plaintiff Barrette Outdoor Living, Inc. on all counts, that Defendant Porcelen, Limited, Connecticut, LLC take nothing, and for an accounting and monetary award in an amount to be determined at trial;

A)   Finding this to be an exceptional case and awarding Plaintiff all of its costs and reasonable attorney's fees in respect thereto in accordance with 35 U.S.C. §§ 284-285;

B)   preliminary injunction enjoining Defendant and its officers, agents, subsidiaries, successors, employees, representatives, assigns, and all others acting in concert therewith, from making, using, selling or offering to sell any product that infringes the '965 Patent;

C)   A permanent injunction enjoining Defendant and its officers, agents, subsidiaries, successors, employees, representatives, assigns, and all others acting in concert therewith, from making any product using a method that infringes the '332 Patent, and from otherwise infringing, contributing to, or inducing infringement of the '332 Patent;

D)  An accounting for damages resulting from Defendant's patent infringement, induced infringement and/or contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Defendant's conduct;

E)  An assessment of interest on the damages so computed;

F)  Requiring Defendant to account to Plaintiff for all sales and purchases that have occurred to date, and requiring Defendant to disgorge any and all profits derived by Defendant for making and selling infringing products;

G)  Requiring Defendant to pay damages to Plaintiff according to each cause of action herein adequate to compensate for the infringement, and in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court;

H)  Requiring Defendant to provide full disclosure of any and all information relating to its suppliers, retailers, distributors and/or affiliates of infringing products or component parts thereof;

I)  Prejudgment interest; The destruction or surrender of all infringing products within the possession or control of Defendant, at Plaintiff's election;

J)  Awarding Plaintiff such other and further relief as the court shall deem just and equitable under the circumstances.

## JURY DEMAND

WHEREFORE, Plaintiff requests a trial by jury on all issues so triable.

>Respectfully Submitted,
>
>/s/ Arthur A. Gardner
>**Arthur A. Gardner**
>GARDNER GROFF GREENWALD &
>VILLANUEVA, P.C.
>2018 Powers Ferry Road, Suite 800
>Atlanta, Georgia 30339
>Tel.: (770) 984-2300
>Fax: (770) 984-0098
>agardner@gardnergroff.com
>litigation@gardnergroff.com
>Georgia Bar No. 283995
>
>*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing and the attached documents comply with LR 7.1(D), ND Ga. The font and point size used in preparing the foregoing document are Times New Roman, 14 pt.

/s/ Arthur A. Gardner
**Arthur A. Gardner**
Attorney for Plaintiff
